

Lorinda Meier Youngcourt
Trial Attorney, Indiana Bar 14411-49
Federal Defenders of Eastern WA & ID
10 North Post, Suite 700 | Spokane, WA  99201
(509) 624-7606 | Lorinda_Youngcourt@fd.org
Counsel for Merced Zamora

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Rosanna Malouf Peterson

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MERCED ZAMORA,

    Defendant.

Case No. 2:20-cr-160-RMP-1

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS**

Oral Argument
October 12, 2021 @ 3:00 p.m.

**Introduction**

According to the government's response, the initial search of Mr. Zamora's car was legal because police "arrested" him for driving with a suspended license which

REPLY BRIEF - 1

provided statutory authority to impound his car. When a gun was found during the "inventory search" required by impound policy, a criminal history check was run on Mr. Zamora. Learning he was a convicted felon and therefore legally ineligible to possess a gun, the tow location was changed to allow for a search warrant application. A search warrant was obtained and a gun and drugs were recovered.

There are two big holes in the government's story.

**First,** Deputy Cinkovich told Deputy Othmer, before the "inventory search" he saw suspected drugs in Mr. Zamora's car. Photos provided in discovery and the report of Deputy Othmer prove this evidence was not in plain view, therefore Deputy Cinkovich conducted a search without a warrant or probable cause before the inventory search.

**Second**, Mr. Zamora was **not** arrested for driving with a suspended license. Even after finding evidence of an illegal gun and potential controlled substances, Deputy Othmer removed Mr. Zamora from the back of his police car, took off the handcuffs and sent him on his way.

REPLY BRIEF - 2

### I. Cinkovich leaned inside the vehicle

The government acknowledges that before the "inventory search", Deputy Cinkovich advised Deputy Othmer he had seen a plastic bag containing suspected drugs "stuffed between the driver's seat and the middle console inside the vehicle."[1]

In its response, the government states, "Deputy Cinkovich during this process informed Deputy Othmer **from outside the vehicle** he observed what appeared to be a clear plastic bag containing a crystal like substance. ECF No. 27-2." (emphasis added). This is a misrepresentation of Deputy Cinkovich's report.[2] He does **not** say where he was located when he saw the plastic bag.

> I returned to the vehicle because the passenger was asking if she was able to call a ride. As I was speaking with her, I noticed what appeared to be a crystalline substance consistent with methamphetamine in a plastic bag stuffed between the driver's seat and the middle console inside the vehicle. I had Deputy Hoff keep an eye on the substance while I advised Deputy Othmer of the substance.

The "from outside the vehicle" reference is in Deputy Othmer's first report,[3] which also says the plastic bag was "lying between the driver seat and the center console."

---

[1] ECF No. 27-2, p. 2 (Motion to Suppress Exhibit B – Cinkovich Report),
[2] *Id.*
[3] ECF No. 27-1, p. 3.

REPLY BRIEF - 3

> Deputy Cinkovich notified me that he saw a clear plastic bag containing what appeared to be a white crystal-like substance from outside of the vehicle lying between the driver seat and the center console.

In a supplemental report dated January 11, 2019[4], Deputy Othmer adds that he could not see the drugs when he looked through the driver side window.[5]

> After Deputy Cinkovich told me he saw what appeared to be a bag of a white crystal-like substance next the driver seat of the vehicle, I went to the driver side window. From my view point, I could see the top of the bag located between the driver seat and center console but was unable to tell what was inside the clear plastic bag.

Photographs taken by law enforcement clearly show the baggie could not be seen because it was not lying between the driver seat and center console, but rather pushed down deep between the two. The photo below of the front passenger area of Mr. Zamora's car, taken from with the open driver's door, reveals **no** plastic baggie much less suspected drugs inside.[6]

---

[4] The signature line of Deputy Othmer's supplemental report is dated January 11, 2019. The body of the report outlines the search of Mr. Zamora's vehicle which purported occurred on January 15, 2019 after the receipt of a search warrant issued by a Spokane County Judge. ECF No. 27-6.

[5] *Id.*

[6] Government's discovery, Bates 100000010.

REPLY BRIEF - 4



Next, a close up photo of the plastic bag with white contents where it was recovered between the console and the seat belt receptacle.[7]

To suggest Deputy Cinkovich saw this baggie from outside the vehicle borders on ludicrous. These photos support Mr. Zamora's recollection of seeing an officer place

---

[7] Government's discovery, Bates 100000017

REPLY BRIEF - 5

his upper body inside the vehicle.  Opening a door and leaning inside a vehicle is a search.  *U.S. v. Ngumezi*, 960 F.3d 1285, 1290 (9th Cir. 2020).  Conducting such a search without a warrant or probable cause is unconstitutional.  *Id.*

At the time Deputy Cinkovich saw the plastic bag with suspected drugs, Deputy Othmer had stopped Mr. Zamora for a traffic violation and determined his license was suspended.  No probable cause existed to perform a warrantless search.  As such, everything which came after Deputy Cinkovich leaning inside the car is fruit of the poisonous tree and must be excluded.  *Utah v. Strieff*, 136 S.Ct. 2056, 2061 (2016).

**II.  Mr. Zamora was not arrested for driving with a suspended license**

A large part of the government's response focuses RCW 46.55.113, which provides "Whenever the driver of a vehicle is arrested for a violation of RCW 46.20.342[8] . . ., the vehicle is subject to summary impoundment. . ."  However, Deputy Othmer failed to arrest Mr. Zamora.  He placed Mr. Zamora in handcuffs and detained him in the backseat of his police car for a time, but he did not arrest him.  There is no evidence that Deputy Othmer even wrote Mr. Zamora a ticket for the alleged traffic offense or referred the charge of driving with a suspended license to the prosecutor.  The statute does not provide for summary impoundment when a driver is temporarily detained.

---

[8] RCW 46.20.342 forbids driving with a suspended license.

REPLY BRIEF - 6

The government suggests impounding the car was reasonable because it was not registered to Mr. Zamora so it may have been stolen or taken without permission. This is mere speculation. The license plate, vehicle registration, and VIN number of the car were queried and returned "no wants."[9]

### III.  Conclusion

Mr. Zamora reserves the right to address any arguments made by the government but not addressed in this reply at the October 12, 2021 hearing. For the reasons set forth in his Motion to Suppress and those set out above, Mr. Zamora respectfully asks the Court to suppress the illegally-obtained evidence from January 11, 2019 and the proceeds from the search warrants dated January 15 and 16, 2019.

Dated: September 28, 2021

*/s/ Lorinda Meier Youngcourt*
Lorinda Meier Youngcourt

### Certificate of Service

I certify that on September 28, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record.

*/s/ Lorinda Meier Youngcourt*
Lorinda Meier Youngcourt

---

[9] ECF No. 28-1 (CAD report).

REPLY BRIEF - 7