Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MERCED ZAMORA,<br><br>                Defendant. | 2:20-CR-160-RMP-1<br><br>Initial Notice of Expert Witnesses and Rule 16 Expert Summaries |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, submits the following Initial Notice of Expert Witnesses and Rule 16 Summaries. The United States intends to supplement this notice upon receipt of each expert's findings and conclusions.

**FORENSIC CHEMISTS**

The United States intends to offer expert testimony of Brittany C. Huntington, a Drug Enforcement Administration (DEA) forensic chemist that is assigned to this cause number and who conducted the forensic analysis of the substances. The United States has previously provided the results of Ms. Huntington's analysis in discovery, bates numbers 10000424. The United States has requested Ms. Huntington's

Initial Notice of Expert Witnesses and Rule 16 Expert Summaries - 1

curriculum vitae ("CV") and Rule 16 Disclosure Summaries. The United States will promptly provide the requested documents upon receipt.

The United States will seek to admit the opinion of Mr. Nguyen summarized in the lab reports.

<u>Drug Exhibits to Be Admitted:</u>

- DEA Exhibit # 1B224

More specifically, the United States will seek to admit the witness's expert testimony as to the chemical testing and analysis conducted on the above referenced exhibits. The expert testimony will include their opinion as to the type of controlled substance present; the presence or lack of presence of any cutting agents; and the total weight of each evidentiary item both in purity and mixture and substance of controlled substance present. The United States will also solicit detailed testimony from the forensic chemist as to the identification of methamphetamine and what type of controlled substance it is and its characteristics. The witness will also testify about their background and qualifications, the commonly accepted scientific methodology followed in reaching their conclusions as well as the peer review completed to test the accuracy of their results.

## DRUG QUANTITY AND MODUS OPERANDI EXPERT

The United States expects to call a Drug Enforcement Administration ("DEA") Special Agent to testify as an expert witness regarding drug quantities and *modus operandi*. The United States expects the witness to testify as to the differences between distribution amounts and personal use amounts, the common amount of methamphetamine consumed daily by a user, the use of cutting agents, how controlled substances are obtained in bulk amount and cut to distribution amounts, and the various price amounts on the pyramid of bulk distribution versus personal amount distribution. In sum, the witness is expected to provide expert testimony regarding the methods of low and mid-level drug traffickers, what roles low and mid-level drug traffickers assume, and how their supply is commonly distributed and paid for. The

Initial Notice of Expert Witnesses and Rule 16 Expert Summaries - 2

United States further expects the expert to testify regarding the price range of methamphetamine in the Eastern District of Washington during the time frame relevant to the Indictment in Cause Number 2:20-CR-000160-RMP-1.

The United States also expects the witness to testify as to common drug terminology and how that terminology is used in the sale and distribution of controlled substances. The United States further expects the witness to testify to the use of technology, specifically cellular phone technology, in the sale and distribution of controlled substances.

The United States further expects the expert to testify as to the nexus between drug trafficking and firearms.

## FIREARMS EXPERTS

The United States previously provided the "Statement of Qualifications" of S/A Mario Piergallini. *See* Bates 00000001.24 – 1.25. The United States expects the expert to testify as an expert witness to the interstate/intrastate nexus of the following firearms:

- Exhibit #1: Ruger, model LCP, .380 caliber semiautomatic pistol, bearing serial number 370-61483, manufactured in Arizona, and 6 rounds of .380 ammunition with "WIN 380 Auto" marked on the head stamp, manufactured in Illinois;
- Exhibit #5: 7 rounds of assorted .22LR caliber ammunition marked as follow: (a) 4 rounds marked "Super X", manufactured Illinois; and (b) 3 rounds marked "C", manufactured in Idaho;
- Exhibit #8: 88 rounds of .380 ammunition with "WIN 380 AUTO" marked on the head stamp, manufactured in Illinois;
- Exhibit #15: 6 rounds of assorted .380 ammunition marked as follows: (a) 3 rounds marked "HORNADY 380 AUTO," manufactured in Nebraska; and (b) 3 rounds marked "FEDERAL 380 AUTO," manufactured in Minnesota;
- Exhibit #34: Marlin, model 989M2, .22LR caliber rifle with no serial

Initial Notice of Expert Witnesses and Rule 16 Expert Summaries - 3

number, manufactured in Connecticut; and

- Exhibit #35: 50 rounds of .380 ammunition with "WIN 380 AUTO" marked on the head stamp, manufactured in Illinois.

The Defendant, is alleged to have possessed the items as outlined in the Indictment filed on November 17, 2020. A written summary of S/A Piergallini's findings were previously provided in discovery. See Bates 00000001.22 – 1.23. Further, the United States will seek testimony that based upon S/A Piergallini's training and experience, it is his opinion that the firearms and ammunition listed above travelled in interstate and foreign commerce. Subsequent interstate nexus examinations and related reports will be produced upon receipt.

### FINGERPRINT EXAMINATION AND RESULTS

The United States intends to offer expert testimony from a Forensic Scientist with the Spokane County Sheriff's Office, Latent Prints Section. At trial, the United States intends to present the testimony and opinions of an expert as to fingerprint examinations and testing he conducted in this case. The fingerprint expert will first testify as to their educational background and expertise in latent print examination. The expert will then provide expert testimony of their latent print examination of the Defendant's prior felony judgement and sentences and the Defendant's current booking fingerprints. Additionally, the fingerprint expert will testify as to their analysis of fingerprints obtained in this case and that no comparable fingerprints were obtained. See Bates 00000001.68 – 00000001.69.

Dated: November 18, 2021.

Vanessa R. Waldref
United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

Initial Notice of Expert Witnesses and Rule 16 Expert Summaries - 4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lorinda Youngcourt
Federal Defenders
10 North Post Street, Suite 700
Spokane, WA  99201

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

Initial Notice of Expert Witnesses and Rule 16 Expert Summaries - 5