FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>MERCED ZAMORA,<br><br>          Defendant. | NO: 2:20-CR-160-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTIONS FOR NEW TRIAL |

BEFORE THE COURT is Defendant's Motion for New Trial and Post-Trial Motions, ECF No. 157. The Government opposed in its response, ECF No. 161. Having reviewed the filings, record, and relevant law, the Court is fully informed.

## BACKGROUND

On November 17, 2020, Defendant was charged by means of indictment with one count of Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and one count of Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). ECF No. 1.

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTIONS FOR NEW TRIAL ~ 1

On January 18, 2023, Defendant was charged by means of superseding indictment. ECF No. 73. Count One charged Defendant with Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); Count Two charged Defendant with Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and Count Three charged Defendant with Use, Carry, or Possess a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.*

A pretrial conference was held on February 14, 2023. ECF No. 90. A second pretrial conference was held on February 24, 2023. ECF No. 119. During the second pretrial conference, the parties discussed the Government's Supplemental Proposed Jury Instruction No. 17, which pertained to Count Three of the superseding indictment. ECF No. 152 at 3-5 (Transcript of Second Pretrial Conference); *see also* ECF No. 117 (Government's Supplemental Proposed Jury Instruction). Defendant also orally moved to dismiss for untimely discovery and requested an adverse jury instruction in the alternative. ECF No. 152 at 48. The Court orally denied Defendant's motion to dismiss. *Id.* at 56.

Trial began on February 27, 2023. ECF No. 153. On March 1, 2023, before the jury entered the courtroom, Defendant requested the inclusion of a missing witness jury instruction, and the Government objected. ECF No. 155 at 5-6. The Government then indicated that it did not anticipate calling additional witnesses and

1  that it intended to rest. *Id.* at 12.  After Defendant indicated that he did not plan to
2  call any witnesses, the Court heard argument on Defendant's renewed pretrial
3  motions, including his motion for severance of Count Two, and Defendant's motions
4  pursuant to Federal Rule of Criminal Procedure 29, including his motion to dismiss
5  Count Three. *Id.* at 16-26.  The Court orally denied both motions. *Id.* at 17-18, 26.
6  The jury subsequently entered the courtroom. *Id.* at 28.  On the same day, March 1,
7  2023, the jury found Defendant guilty on all three counts of the superseding
8  indictment.  ECF No. 142.

9        On March 8, 2023, the Court entered an order granting Defendant's motion to
10 extend time to file post-trial motions, including motions for new trial pursuant to
11 Federal Rule of Criminal Procedure 33.  ECF No. 145; *see also Eberhart v. United*
12 *States*, 546 U.S. 12, 19 (2005) (holding that Fed. R. Crim. P. 33 is nonjurisdictional
13 and subject to extension under Fed. R. Crim. P. 45); *and United States v. Leung*, 796
14 F.3d 1032, 1034-35 (9th Cir. 2015) (concluding that motion for new trial was timely
15 filed because the district court granted an extension pursuant to Fed. R. Crim. P. 45).

16       On March 10, 2023, the Court entered an order memorializing and
17 supplementing its oral ruling regarding Defendant's motion to dismiss Count Three
18 pursuant to Federal Rule of Criminal Procedure 29.  ECF No. 147.  The Court found
19 that Defendant's motion was more properly construed as a motion to dismiss
20 pursuant to Federal Rule of Criminal Procedure 12 because it alleged a defect in the
21 superseding indictment.  *Id.* at 6.  The Court further found Defendant's motion to be

untimely because Defendant failed to raise the motion until the final day of trial and the basis of his motion was reasonably available before trial. *Id.* at 6-7. Noting that the Court could consider an untimely objection upon a showing of good cause, that Defendant's motion did not provide such a showing, and that the Government was unable to submit responsive briefing, the Court denied the motion with leave to renew. *Id.* at 7.

On June 13, 2023, Defendant filed the instant motion, in which he renews his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and moves for a new trial on several bases pursuant to Federal Rule of Criminal Procedure 33. ECF No. 157.

**LEGAL STANDARDS**

*Motion for Judgment of Acquittal*

Pursuant to Federal Rule of Criminal Procedure 29, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The relevant inquiry "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

*Motion for New Trial*

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of

justice so requires." Fed. R. Crim. P. 33(a). "A motion for a new trial is directed to the discretion of the district court, which should grant it only in an exceptional case in which the evidence weighs heavily against the verdict." *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir. 1985) (quoting *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981)).

"The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in doing so evaluate for itself the credibility of the witnesses." *United States v. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.* at 1211-12 (quoting *Lincoln*, 630 F.2d at 1319).

The moving party bears the "burden of showing essential unfairness . . . sustained not as a matter of speculation but as a demonstrable reality." *United States ex rel. Darcy v. Handy*, 351 U.S. 454, 462 (1956) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 281 (1942)).

/ / /

/ / /

/ / /

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTIONS FOR NEW TRIAL ~ 5

# DISCUSSION

***Renewed Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29***

Defendant's renewed motion concerns Count Three of the superseding indictment, which charged Defendant with "Use, Carry, or Possess a Firearm During and in Relation to a Drug Trafficking Crime," in violation of 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 73 at 1. Specifically, Count Three alleged that:

> On or about January 11, 2019, in the Eastern District of Washington, the Defendant, MERCED ZAMORA, did knowingly possess firearms, to wit:
>
> - a Ruger, model LCP, .380 caliber semiautomatic pistol, bearing serial number 370-61483; and
> - a Marlin, model 989M2, .22LR caliber rifle, bearing no serial number;
>
> during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute a Controlled Substance – Methamphetamine, as charged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

*Id.* at 3.

Section 924(c) provides that "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be subject to certain additional terms of imprisonment. *See* 18 U.S.C. 924(c)(1)(A).

In his renewed motion, Defendant argues that "in furtherance of" is an essential element of section 924(c), and that because Count Three did not contain the

words "in furtherance of," Count Three should be dismissed,[1] as the superseding indictment did not charge Defendant with a crime. ECF No. 157 at 5.

**Defendant's Renewed Motion is More Properly Construed as a Motion to Dismiss Pursuant to Fed. R. Crim. P. 12**

As noted above, the Court previously ruled that Defendant's original motion was more properly construed as a motion to dismiss pursuant to Rule 12, despite Defendant's proffer of the motion as one for judgment of acquittal pursuant to Rule 29, because the motion alleged a defect in the superseding indictment and did not challenge the sufficiency of the evidence to establish Defendant's guilt. *See* ECF No. 147 at 4-5. Defendant's renewed motion alleges the same defect in the superseding indictment and similarly does not challenge the sufficiency of the evidence adduced at trial. *Compare* ECF No. 131 at 5 ("Missing the '*in furtherance of*' language is an

---

[1] Defendant's original motion requested that the Court dismiss only Count Three. *See* ECF No. 131 at 1 ("[Defendant] moves the Court pursuant to Federal Rule of Criminal Procedure 29 to [d]ismiss Count 3"); *see also* ECF No. 155 at 20 (trial transcript from March 1, 2023, wherein defense counsel states that the motion "ask[s] the Court to dismiss Count Three"). In the instant motion, however, Defendant asserts that "this *case* should have been dismissed at the close of the government's case in chief." ECF No. 157 at 5 (emphasis added). Because Defendant renews his original motion in the instant motion, and because Defendant provides no support for his assertion that the entire case should be dismissed for alleged flaws in the superseding indictment that only relate to Count Three, the Court evaluates Defendant's argument for dismissal as relating to Count Three alone.

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTIONS FOR NEW TRIAL ~ 7

essential element of the statute. This is a fatal flaw. As the superseding indictment stands, it does not charge [Defendant] with a crime in Count 3 . . . .") *with* ECF No. 157 at 5 (Defendant's renewed motion utilizing the same language).

Furthermore, although Defendant's renewed motion requests the "dismissal of [his] conviction" under Count Three, rather than the dismissal of Count Three as requested in his original motion, the Court finds that this minor discrepancy does not necessitate the application of Rule 29. *See United States v. Wagoner*, No. 4:20-cr-00018, 2022 WL 17418000, at *3 (W.D. Va. Dec. 5, 2022) ("Regardless of whether a challenge . . . is stylized as a Rule 29 motion for judgment of acquittal or a Rule 12 motion to dismiss, the standard applied by the court is determined not by the title of the motion but rather the argument within it.") (internal quotation marks and citation omitted).

Defendant's renewed motion virtually duplicates his original motion in its entirety and offers no new arguments. *Compare* ECF No. 131 at 1-5 (original motion) *with* ECF No. 157 at 1-5 (renewed motion containing identical language, save for immaterial additions in the final paragraph, including the aforementioned request for dismissal of conviction). Because Defendant presents the Court with a near replica of his original motion, the Court finds that Defendant's renewed motion also must be analyzed under Rule 12.

/ / /

/ / /

**Defendant's Renewed Motion is Untimely and Without Good Cause**

Pursuant to Rule 12, a defendant seeking to challenge a defect in the indictment, such as the indictment's failure to state an offense, must raise that challenge in a pretrial motion if the basis for the motion is reasonably available and if the motion can be determined without a trial on the merits. Fed. R. Crim. P. 12(b)(3). If such a motion is not made before trial, it is untimely. Fed. R. Crim. P. 12(c)(3). A court may consider an untimely motion, however, upon a showing of good cause. *Id.*

In a prior order, the Court found that Defendant's motion to dismiss Count Three was untimely. ECF No. 147 at 6-7 (finding that Defendant had sufficient notice of how the superseding indictment charged Count Three well in advance of trial and that the alleged defect could have been cured prior to trial). Despite the untimeliness of Defendant's original motion, the Court permitted Defendant leave to renew because Defendant did not address good cause. *Id.* at 7.

The Court proceeds to consider whether Defendant's renewed motion is untimely and if so, whether it shows good cause for failing to meet the deadline for making a Rule 12(b)(3) motion. As noted above, Defendant's renewed motion is all but a facsimile of his original motion. *Compare* ECF No. 131 at 1-5 (original motion) *with* ECF No. 157 at 1-5 (renewed motion). Defendant's renewed motion, moreover, makes no mention of a good cause showing. *See* ECF No. 157 at 1-5. Defendant's renewed motion thus offers the Court no reason to reevaluate the untimeliness of the motion's filing or find that such untimeliness was justified. *See*

1   Fed. R. Crim. P. 12(c)(3). Accordingly, Defendant's renewed motion is untimely and
2   fails to establish good cause for Defendant's waiting until the close of evidence on
3   the third and final day of trial to object to the superseding indictment.

**Defendant Fails to Raise Any Meaningful Defect in Count Three**

5   Alternatively, even if the Court were to consider Defendant's untimely
6   renewed motion, Defendant's argument that Count Three failed to state an offense
7   would be ineffectual. Defendant claims that the phrase "in furtherance of" is an
8   essential element of 18 U.S.C. § 924(c). ECF No. 157 at 5. Relying heavily on
9   *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999), Defendant contends that the
10  superseding indictment is "fatally flawed" because it omitted the necessary phrase "in
11  furtherance of," and therefore did not charge him with a crime in Count Three. *Id.*
12  Just as the Ninth Circuit in *Du Bo* dismissed the indictment because of the
13  indictment's failure to include an essential element of the charged offense, Defendant
14  argues that the Court should dismiss Count Three because of the superseding
15  indictment's failure to include the phrase "in furtherance of." *See id.*

16  Adopting *arguendo* Defendant's argument that the phrase "in furtherance of"
17  is an essential element of 18 U.S.C. § 924(c), the Court finds *Du Bo* wholly
18  inapposite. The Ninth Circuit explicitly limited its holding in that case to timely
19  pretrial challenges to the sufficiency of an indictment. *See Du Bo*, 186 F.3d at 1180
20  n.3 ("Our holding is limited to cases where a defendant's challenge is timely."). As
21

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL AND MOTIONS FOR NEW TRIAL ~ 10

the Court found above, Defendant's challenge to Count Three of the superseding indictment is untimely, and therefore *Du Bo* has no applicability here.

Additionally, even if the Court were to overlook the untimeliness of Defendant's renewed motion, Defendant's argument that Count Three fails to state an offense would remain unavailing because "in furtherance of" is not an essential element of 18 U.S.C. § 924(c). Defendant argues that because the Ninth Circuit held in *United States v. Arreola* that 18 U.S.C. § 924(c)(1)(A) created only one offense, the phrase "in furtherance of" is an essential element. ECF No. 157 at 3-5 (citing *Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006)). Defendant then argues, without citing any authority, that 18 U.S.C. § 924(c) "must be charged with all the language of the statute." ECF No. 157 at 5.

Defendant's reliance upon *Arreola* is misplaced. While the Ninth Circuit did hold that 18 U.S.C. § 924(c)(1)(A) defines only one offense, it did not hold that an indictment must include the entirety of the statute to properly charge the offense. *See Arreola*, 467 F.3d at 1161. Indeed, the Ninth Circuit subsequently held that there are two ways to prove an offense under 18 U.S.C. § 924(c): a defendant either (1) used or carried a firearm "during and in relation to" a crime; or (2) possessed a firearm "in furtherance of" a crime. *United States v. Thongsy*, 577 F.3d 1036, 1043 n.5 (9th Cir. 2009); *see also United States v. Velazquez*, No. CR 12-00877-04, 2018 WL 2267812, *2 (D. Ariz. May 17, 2018) (rejecting proposition that "in furtherance is an essential element of the crime" as a "complete misreading of *Arreola*"). Defendant's claim

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL AND MOTIONS FOR NEW TRIAL ~ 11

that the words "in furtherance of" must have been included in the superseding indictment for Count Three to be properly charged thus fails.

Having dispensed of Defendant's arguments regarding the essential elements of 18 U.S.C. § 924(c), the Court turns to an analysis of the sufficiency of the superseding indictment. "The sufficiency of an indictment is judged by 'whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge.'" *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (quoting *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982)). The Ninth Circuit applies a "liberal standard of review to an indictment challenged at the conclusion of the government's case." *See United States v. Coleman*, 656 F.2d 509, 512 (9th Cir. 1981).

Here, the Court finds that Count Three of the superseding indictment enabled Defendant to prepare his defense and fairly informed Defendant of the charge. The Court notes that Count Three charged that Defendant "did knowingly *possess* firearms . . . *during and in relation to* a drug trafficking crime." ECF No. 73 at 3 (emphasis added). This charged conduct may seem to conflict with Ninth Circuit precedent stating that the two ways to prove an offense under the statute are either that the defendant (1) *used* or *carried* a firearm *during and in relation to* a crime; or (2) *possessed* a firearm *in furtherance of* a crime; but not *possessed* a firearm *during and in relation to* a crime. *See United States v. Thongsy*, 577 F.3d 1036, 1043 n.5 (9th Cir. 2009) (emphasis added). In *Arreola*, however, the Ninth Circuit held that

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL AND MOTIONS FOR NEW TRIAL ~ 12

with regard to the first clause of 18 U.S.C. § 924(c), "[t]o prove that a defendant *carried* a firearm, the government must show that the defendant carried a firearm on his person or *knowingly possesse[d] and convey[ed] firearms in a vehicle*." 467 F.3d 1153, 1160 (9th Cir. 2006) (citation omitted) (emphasis added).

The Court, acknowledging the inconsistency between the title of Count Three and the conduct charged in Count Three, nevertheless finds that Count Three adequately informed Defendant of the charge that the Government intended to prove. *See United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000) ("[T]he test of the sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."). Here, the Government's allegations that Defendant knowingly possessed and conveyed firearms in his vehicle align with one of the ways that the Ninth Circuit has held that the prosecution may prove the element of "carry" within the first clause of 18 U.S.C. § 924(c). *See* ECF No. 153 at 139; *see also* ECF No. 154 at 65 (trial transcripts wherein Deputy Othmer testifies to locating a Ruger pistol in the center console of Defendant's Honda Accord and a Marlin .22 caliber rifle in the trunk).

Additionally, Count Three referenced the charging statute, and the title of Count Three followed the statutory language. ECF No. 73 at 1 (charging Defendant with "Use, Carry, or Possess a Firearm During and in Relation to a Drug Trafficking Crime" and referencing 18 U.S.C. § 924(c)(1)(A)(i); *see also See United States v. Ho*, 651 F. Supp. 2d 1191, 1194 (D. Haw. 2009) ("An indictment that tracks the offense

in the words of the statute is sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved.").

In sum, the Court finds that the superseding indictment provided proper and sufficient notice to Defendant with regard to Count Three.

**Defendant's Renewed Motion Fails Even if Construed Pursuant to Fed. R. Crim. P. 29**

Even if Defendant's renewed motion could be considered as a Rule 29 motion for judgment of acquittal, it still would be unavailing because Defendant has not met his burden of showing that the evidence was insufficient to convict him under Count Three. *See* Fed. R. Crim. P. 29(a). Defendant provides no argument in his renewed motion regarding the sufficiency of the evidence that the Government offered against him at trial, and without any such argument, Defendant makes no attempt to meet his required burden under Rule 29. *See* ECF No. 157 at 1-5.

*Motion for New Trial Pursuant to Fed. R. Crim. P. 33*

Defendant cites four bases for a new trial: (1) Count Two should have been severed; (2) the Government provided untimely discovery; (3) the Court should have admitted Defendant's out-of-court statements to Deputy Othmer; and (4) the Court should have provided a missing witness instruction for witnesses Therisa Nguyen and John Doan. *See* ECF No. 157. The Court proceeds to address each of Defendant's arguments in turn.

/ / /

**Severance of Count Two**

Defendant renews his pretrial motion for severance of Count Two, which charged him with Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *See* ECF No. 157 at 5-7. Defendant supplements his original argument with the unsupported assertion that the jury was swayed to convict him once the jury heard that Defendant had a prior felony. *Id.* at 7.

The Court agrees with the Government that Defendant fails to establish his burden of clear, manifest, or undue prejudice that resulted from not severing Count Two. *See* ECF No. 161 at 6. Accordingly, the Court sees no reason, based on Defendant's renewed pretrial motion for severance of Count Two, to rule any differently than it did when it denied Defendant's motion in a previous order. *See* ECF No. 93 at 8-10 (Pretrial Order denying Defendant's motion to sever Count Two).

**Untimely Discovery**

Defendant argues that the Government was untimely in its production of certain discovery, and that the Court should have dismissed the case on this basis, or in the alternative, provided for an adverse jury instruction. ECF No. 157 at 7. Defendant contends that the Government produced a memorandum including information regarding the testimony of witness Melissa Clark two hours before she was set to testify. *Id.* at 8.

The Government responds that it provided discovery in a timely manner, consistent with its ongoing discovery obligations. ECF No. 161 at 7. The Government states that contrary to Defendant's claims, the Government provided to Defendant the results of its customary pretrial witness interviews nearly immediately after the Government developed the evidence. *Id.*

Noting that Defendant did not reply to the Government's response, the Court finds that the Government's production of discovery is not a basis upon which to grant a trial.

**Limitation of Defendant's Out-of-Court Statements**

Defendant argues that the Court should have admitted all of Defendant's out-of-court statements to Deputy Othmer. ECF No. 157 at 10-13. Averring that these statements should have been admitted for the non-hearsay purpose of showing the effect on the listener, Defendant claims that "[t]he effect of [Defendant's] statements caused Agent Clarke to interview the owner of the car, Therisa Nguyen." *Id.* at 11. Defendant argues that due to law enforcement's "bias and desire to convict" him, officers did not follow up with statements made by Ms. Nguyen in her interview that would have corroborated Defendant's defense. *Id.* at 12.

The Court agrees with the Government that the non-hearsay purpose of showing the effect on the listener does not apply to Defendant's out-of-court statements to Deputy Othmer. *See* ECF No. 161 at 8. Defendant argues that his out-of-court statements to Deputy Othmer should have been admitted to show the effect

on Agent Clarke, but Agent Clarke was not present at the time of Defendant's statements to Deputy Othmer, and therefore was not the listener to the statements at issue. *Cf. United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) (out-of-court statements made directly to witness admissible to show effect on the witness). Accordingly, the Court finds no reason to grant a new trial due to the exclusion of Defendant's out-of-court statements to Deputy Othmer.

**Missing Witness Jury Instruction**

Finally, Defendant renews his oral request for a missing witness jury instruction as to Therisa Nguyen and John Doan. ECF No. 157 at 12-13. Defendant argues that "the absence of Ms. Nguyen provides an inference of unfavorable testimony" because she "claimed her Honda [A]ccord was missing or stolen." *Id.* at 12. Defendant further argues that "John Doan provides the same negative inference in his absence because of his prior criminal record and potential drug dealing." *Id.* at 12-13.

There are two requirements for a missing witness jury instruction. *United States v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012). A party seeking the instruction must show (1) that the witness is peculiarly within the power of the other party; and (2) that under the circumstances, an inference of unfavorable testimony [against the non-moving party] from an absent witness is a natural and reasonable one. *Id.* (citation omitted).

Defendant's motion does not address the first requirement, and Defendant therefore provides no basis for the Court to find that either Therisa Nguyen or John Doan were peculiarly within the power of the Government. Defendant also does not contest the Government's assertion that the witnesses would have been available for Defendant to call in his case-in-chief. *See* ECF No. 161 at 10.

Moreover, Defendant fails to show how natural and reasonable inferences of unfavorable testimony for the Government can be drawn from the absences of Ms. Nguyen and Mr. Doan. Defendant does not explain how Ms. Nguyen's testimony, which would have referenced the fact that the car Defendant was driving had been stolen, would have been unfavorable to the Government. *See* ECF No. 112 at 3 (Defendant's motion in limine to exclude evidence relating to Therisa Nguyen). Nor does Defendant explain how an inference of testimony unfavorable for the Government can be drawn from the absence of Mr. Doan. The Court, therefore, finds that missing witness jury instructions were not required in this matter, and declines to grant Defendant's motion for a new trial on this basis.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for New Trial and Post-Trial Motions, **ECF No. 157**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 24, 2023.

        *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge