FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>MERCED ZAMORA,<br><br>     Defendant. | NO: 2:20-CR-0160-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 186. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Court **denies** the motion to vacate.

### BACKGROUND

On January 18, 2023, a grand jury returned a Superseding Indictment that included a § 924(c) count as Count 3. ECF No. 73. Prior to trial, Mr. Ayers did not file a motion to dismiss the § 924(c) count. Trial commenced on February 27,

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 1

2023. ECF No. 153. The jury returned a guilty verdict on all three counts on March 1, 2023. ECF No. 142.

The Court's resolution of Defendant's mid- and post-trial motions gives rise to the heart of Defendant's current IAC claim. On the third day of trial, after the United States' presentation of evidence, Mr. Ayers raised for the first time the argument that the § 924(c) count lacked an essential element of the crime because it failed to charge that Defendant possessed a firearm "in furtherance of" a drug trafficking crime. ECF No. 155 at 16-26.

Such a challenge obviously arises as a motion to dismiss under Federal Rule of Criminal Procedure 12, but Rule 12 motions must be brought prior to trial so that flaws in an indictment can be corrected prior to trial. Nevertheless, Mr. Ayers characterized the claim as a motion for acquittal under Federal Rule of Criminal Procedure 29. *Id.* Mr. Ayers supplemented his oral motion with a written motion, ECF No. 131, and later restated the claim verbatim after trial as a renewed Rule 29 motion. ECF No. 157.

The Court denied the motion each time it was brought. The Court explicitly found that the alleged pleading defect, had it been brought timely, could have been cured by the United States:

> Defendant's motion also could have been determined without a trial on the merits. "[P]leading defects can usually be readily cured through a superseding indictment before trial." *United States v. Lo*, 231 F.3d 471, 481 (9th Cir. 2000) (citing *United States v. Pheaster*, 544 F.2d

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 2

353, 360 (9th Cir. 1976)). Having failed to raise the motion until the third and final day of trial, Defendant's motion is thus untimely. ECF No. 147 at 7.

After trial and sentencing, Defendant appealed and the Ninth Circuit affirmed the convictions and sentencing.

## DISCUSSION

The Court finds that the issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

**A. Motion to Vacate, Set Aside or Correct Sentence**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges a sentence of incarceration: (1) "that the sentence was imposed in violation of the Constitution of laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Supreme Court has repeatedly interpreted this to encompass only errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979)

1  (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  While the remedy is in

2  this sense comprehensive, it does not encompass all claimed errors in conviction

3  and sentencing.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

4      Defendant has failed to show constitutionally ineffective representation that

5  prejudiced him under *Strickland v. Washington*, 466 U.S. 668 (1984).  None of

6  Defendant's arguments require reversal.

7      Accordingly, Defendant has not established a constitutional violation or

8  other right to relief.

9      **B. Certificate of Appealability**

10      A petitioner seeking post-conviction relief may appeal a district court's

11  dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only

12  after obtaining a certificate of appealability ("COA") from a district or circuit

13  judge.  28 U.S.C. § 2253(c)(1)(B).  A COA may issue only where the applicant has

14  made "a substantial showing of the denial of a constitutional right."  *See id.*

15  § 2253(c)(2).  To satisfy this standard, the applicant must "show that reasonable

16  jurists could debate whether (or, for that matter, agree that) the petition should

17  have been resolved in a different manner or that the issues presented were adequate

18  to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S.

19  322, 336 (2003) (internal quotation marks and citation omitted).

20

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 4

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 186, is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties. This file and the corresponding civil file (2:25-CV-0386-TOR) shall be **CLOSED**.

**DATED** December 8, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 5